OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 7, 2000

The Honorable David Swinford
Chair, House Committee
  on Agriculture and Livestock
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0230

Re: Whether the repeal of a federal cooperative purchasing program affects authority given to Texas agencies and political subdivisions under Texas law (RQ-0172-JC)

Dear Representative Swinford:

You ask whether the repeal of a federal cooperative purchasing program affects authority given to Texas agencies and political subdivisions under Texas law. We conclude that the repeal of the federal program affects the authority of local governments to make purchases under section 271.103 of the Local Government Code. We have not located any other state law affected by the repeal of the federal program.

Your letter references a cooperative purchasing program established by the Federal Acquisition Streamlining Act of 1994, which, among other things, authorized the administrator of the United States General Services Administration to "provide for the use of Federal supply schedules of the General Services Administration" by a state, state agency, and any political subdivision of a state, including a local government, upon request. *See* Pub. L. No. 103-355, tit. I, § 1555, 108 Stat. 3300 (1994). This provision was codified as 40 U.S.C. § 481(b) (1994). Congress significantly revised this statute in 1997 to eliminate the provision making federal supply schedules of the General Services Administration available to states, state agencies, and political subdivisions. *See* Pub. L. No. 105-61, tit. IV, § 413, 111 Stat. 1300 (1997) (amending 40 U.S.C. § 481(b) (1994)). You ask whether the elimination of the federal provision making these federal supply schedules available to states, state agencies, and political subdivisions affects "the authority given to Texas agencies and political subdivisions under the provisions of Texas law." Letter from Honorable David Swinford, Texas State Representative, to Honorable John Cornyn, Texas Attorney General (Jan. 18, 2000) (on file with Opinion Committee). You mention concern about the effect of this change on Texas dealers of outdoor power equipment and farm implements, but have not specified a particular state statute or purchasing scheme about which you are concerned. *See id.* Therefore, we answer your question very generally.

We have located just one Texas statute, section 271.103 of the Local Government Code, that appears to make specific reference to the repealed federal program. Section 271.103, the only statute in subchapter G of chapter 271 of the Local Government Code, provides as follows:

> (a) A local government may purchase goods or services available under Federal supply schedules of the United States General Services Administration to the extent permitted by federal law.
>
> (b) A local government that purchases goods or services under this subchapter satisfies any state law requiring the local government to seek competitive bids for the purchase of the goods or services.

TEX. LOC. GOV'T CODE ANN. § 271.103 (Vernon 1999). To the extent federal law no longer makes federal supply schedules available to local governments, this provision is without effect.

We have located a number of statutes that generally authorize state agencies or local governments to purchase goods from or through the federal government. Section 2155.084 of the Government Code, for example, provides that the Texas General Services Commission or the governing body of an institution of higher education "may negotiate purchases of goods . . . with [an] . . . agency of the federal government." TEX. GOV'T CODE ANN. § 2155.084 (Vernon 2000); *see also id.* § 2155.131 ("The commission may delegate purchasing functions to a state agency."). Other statutes authorize particular local governments to obtain specific goods from or through the federal government. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. § 825.004 (Vernon 1992) ("The commissioners court of a county or the governing body of a municipality may appropriate funds to perform predatory animal and rodent control work described by this subchapter and, in cooperation with federal and state authorities, may employ labor and purchase and provide supplies required to effectively perform that work."); TEX. LOC. GOV'T CODE ANN. § 392.0565 (Vernon 1999) ("[ A housing] authority may purchase equipment and supplies and award contracts for services or for repairs, maintenance, and replacements in compliance with the consolidated supply program or any other procurement program or procedure established by the federal government. The authority is exempt from applicable state laws to the extent necessary to allow the authority's participation in the program or procedure."). These provisions do not make specific reference to the repealed provisions of the Federal Acquisition Streamlining Act of 1994. The General Services Commission, state agencies and local governments continue to be authorized to make purchases pursuant to such statutes. Whether a federal agency is authorized to provide goods to a state agency or local government will depend upon federal law.

In sum, to the extent federal law no longer makes federal supply schedules of the United States General Services Administration available to local governments, section 271.103 of the Local Government Code is without effect. As no other state statute relies on or makes specific reference to the former federal cooperative purchasing program, however, the change in federal law does not appear to affect the purchasing authority of Texas agencies and political subdivisions under other state statutes. Whether a federal agency is authorized to provide particular goods to a state agency or local government will depend upon federal law.

## S U M M A R Y

To the extent federal law no longer makes federal supply schedules of the United States General Services Administration available to local governments, section 271.103 of the Local Government Code is without effect. As no other state statute relies on or makes specific reference to the former federal cooperative purchasing program, however, the change in federal law does not appear to affect the purchasing authority of Texas agencies and political subdivisions under other state statutes. Whether a federal agency is authorized to provide particular goods to a state agency or local government will depend upon federal law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee